IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

AYANE SMITH for )
RHOBI JENKINS, )
 )
      Plaintiff, )
 )
v. ) CIVIL ACTION NO.: CV506-039
 )
MICHAEL J. ASTRUE, )
Commissioner of Social Security, )
 )
      Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Ayana Smith ("Smith") contests the decision of Administrative Law Judge J. Richard Stables ("ALJ Stables" or "the ALJ") denying her son's claim for Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision and enter an award of benefits, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts that this case should not be remanded, as the ALJ's decision is supported by substantial evidence.

Smith filed an application for Supplemental Security Income payments on behalf of her minor son, Rhobi Jenkins ("Rhobi") on February 19, 2004, alleging that Rhobi became disabled on March 1, 2001 due to premature birth and asthma. (Tr. at 13-14). After the application was denied initially and upon reconsideration, Smith timely filed a request for an administrative hearing. (Tr. at 13). On December 8, 2005, ALJ Stables held a hearing at which Smith appeared and testified and was represented by counsel.

ALJ Stables found that Rhobi was not disabled within the meaning of the Social Security Act. (Tr. at 14). The Appeals Council denied a request for review, and the decision became the final decision of the Commissioner for judicial review. (Tr. at 4). Rhobi, born on March 1, 2001, was four years old when the ALJ rendered his decision.

## ALJ's FINDINGS

Under the Social Security guidelines, a child under the age of eighteen is considered disabled if "that individual has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i). The regulations provide the following three-step sequential process that must be followed by the ALJ in determining whether a child is entitled to benefits:

> (1) Is the child engaged in substantial gainful activity?
> If yes, the child is not disabled. If no, then:
>
> (2) Does the child have a severe impairment?
> If no, then the child is not disabled. If yes, then:
>
> (3) Does the impairment medically meet or
> functionally meet a listed impairment in Appendix 1?
> If yes, the child is disabled.

20 C.F.R. § 416.924; see also Wilson v. Apfel, 179 F.3d 1276, 1278 n.1 (11th Cir. 1999).

If a child's impairment does not medically meet a listed impairment, the ALJ must determine whether the child "'functionally equal[s] the listings,'" i.e., the child's "impairment(s) must be of listing-level severity; i.e., it must result in 'marked' limitations in two domains of functioning or an 'extreme' limitation in one domain." 20 C.F.R. § 416.926a(a). The domains an ALJ uses are: 1) acquiring and using information; 2)

attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for self; and 6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

In the case *sub judice*, the ALJ found that Rhobi was not engaged in substantial gainful activity at the alleged onset date. (Tr. at 14). ALJ Stables also found that Rhobi has asthma, which is "severe" within the meaning of 20 C.F.R. § 416.924(c) and Social Security Rulings 96-3p and 85-28 because it causes more than slight abnormalities and more than minimal functional limitations. (Id.). However, ALJ Stables did not find that this impairment meets or medically equals any of the Listings, particularly Listing 103.03. Furthermore, the ALJ found that Rhobi's impairment does not functionally equal a Listing. Specifically, ALJ Stables found that Rhobi has no limitations in the domains of acquiring and using information, attending and completing tasks, interacting and relating with others, moving about and manipulating objects, and self-care, and has less than "marked" limitations in the domain of health and physical well-being. (Tr. at 17-18).

## ISSUE PRESENTED

Smith asserts that the ALJ's determination that Rhobi's impairment does not meet, medically equal, or functionally equal a Listing is unsupported by substantial evidence.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards.

Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION OF AUTHORITY

**I.     Substantial Evidence Supports the ALJ's Decision That Rhobi Does Not Meet or Medically Equal a Listing**

Smith asserts that Rhobi's condition meets Listing 103.03(B). (Doc. No. 17, p. 8). Listing 103.03(B) describes disabling asthma as evidenced by:

> [a]ttacks (as defined in 3.00C), in spite of prescribed treatment and requiring physician intervention, occurring at least once every 2 months or at least six times a year. Each in-patient hospitalization for longer than 24 hours for control of asthma counts as two attacks, and an evaluation period of at least 12 consecutive months must be used to determine the frequency of attacks.

20 C.F.R. Pt. 404 Subpt. P, App. 1, § 103.03(B). Attacks of asthma are defined in Listing 3.00C as:

> prolonged symptomatic episodes lasting one or more days and requiring intensive treatment, such as intravenous bronchodilator or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting. Hospital admissions are defined as inpatient hospitalizations for longer than 24 hours.

20 C.F.R. Pt. 404 Subpt. P, App. 1, § 3.00(C). Smith does not elaborate as to *why* or *how* exactly Rhobi's condition allegedly meets the Listing's definition of disabling asthma, but simply presents a "time line" of Rhobi's treatment. Presumably, Smith implies that each listed incident of treatment constitutes an "attack," such that Rhobi was treated "at least once every 2 months or at least six times a year" in accordance with listing 103.03(B). However, as the ALJ noted, an "asthma attack" as defined by §3.00(C) requires "prolonged symptomatic episodes lasting one or more days." ALJ Stables determined that Rhobi's attacks typically last 15-20 minutes, that the evidence indicates only one attack lasting a fully day occurred, and that therefore Rhobi's condition does not meet listing 103.03(B) because the episodes are not "attacks" under §3.00(C). Accordingly, ALJ Stables' determination that Rhobi does not meet Listing 103.03(B) is supported by substantial evidence, and he used the appropriate legal standards in making this determination.

II.  **Substantial Evidence Supports the ALJ's Finding that Rhobi Does Not Functionally Equal a Listing**

Despite the fact that Smith apparently "acknowledged that claimant is not disabled on the basis of limitations in the six domains (i.e., his impairment does not functionally equal a Listing)," (Tr. at 15), Smith now alleges that Rhobi functionally equals Listing 103.03(B) because he has an "extreme" limitation in the domain of health

and physical well-being. Again, Smith fails to expound on this argument except to set forth the timeline of Rhobi's treatment.

A "marked" limitation in the domain of health and well-being requires that the child be frequently ill or suffer frequent exacerbations. "Frequent" means "occur[ing] on an average of 3 times a year, or once every 4 months, each lasting 2 weeks or more," or some other, equivalent combination of duration and severity. 20 C.F.R. § 416.926a(e)(2)(iv). An "extreme" limitation in this domain requires that that the child's condition "result in significant, documented symptoms or signs substantively in excess of the requirements for showing a 'marked' limitation in paragraph (e)(2)(iv)." 20 C.F.R. § 416.926a(e)(3)(iv).

The ALJ found that in the domain of health and physical well-being, Rhobi has less than "marked" limitations. ALJ Stables summarized the evidence on this point:

> Claimant's mother testified that his asthma attacks usually occurred when claimant was running full speed or moving about too much for a few minutes. Sitting down and resting usually arrested the attack and if not then a breathing treatment would bring it under control. Obviously, claimant's asthma causes some problems, but it is clear the medication controls it. The totality of the evidence shows that claimant has a less than marked limitation in this domain.

(Tr. at 18). Smith has pointed to no evidence which establishes that the child meets the requirement of a "marked" limitation in this domain, let alone that he has any "extreme" limitation. ALJ Stables' determination that Rhobi does not have an "extreme" limitation in this domain and thus that his condition does not "functionally equal" the Listing is supported by substantial evidence. As Smith has made no other argument to support the assertion that Rhobi functionally equals a Listing, it is unnecessary to address the ALJ's findings of fact in the other domains.

## CONCLUSION

Based on the foregoing reasons, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 1st day of May, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)